ALTHOUSE vs. ALVORD.

MEASURE OF DAMAGES — EVIDENCE. (1) *Price of manufactured article.* (2) *Evidence as to value.*

1. In an action for tubing made and put down by plaintiff, it appearing that the article had an established market price, plaintiff was entitled

to recover such price together with the usual charge for putting it down.

2. Evidence offered by defendant as to the value of the timber of which the tubing was made, and the cost of making, was immaterial, and properly rejected.

APPEAL from the Circuit Court for *Dodge* County.

Action in justice's court by *Althouse*, to recover for 110 feet of tubing furnished and put down for *Alvord*, and also for several other items of account. Defense, a general denial, and a set-off. It appeared that plaintiff was a manufacturer of pumps, tubing, &c. The only question in dispute appears to have been the value of the tubing. The plaintiff, on his direct examination as a witness in his own behalf, testified that it was worth fifteen cents per foot, the price charged in his account. On his cross-examination, he was asked to state the profits derived from his pump business the previous year; but the question was objected to and ruled out. He then testified: "I cannot tell the original cost of the tubing. I arrive at its value from the market price as established by me in this vicinity. I consider the tubing and my work upon it worth fifteen cents per foot. I come to this conclusion from the cost of timber, work and machinery used, and capital invested in the business." The following questions, successively asked by defendant, were then ruled out: "What is the cost of the timber per foot? What does it cost per foot to bore the timber? What proportion of the value of this tubing results from capital used in its manufacture?" Plaintiff then further testified: "Fifteen cents per foot is the market price for such tubing put down, as established by myself in this vicinity." The direct examination being resumed, he was asked what was the market value of this kind of tubing *at his shop*; and, defendant's objection being overruled, he answered that it was twelve and a half cents per foot, or two dollars per rod. A workman in plaintiff's shop then testified that tubing to lay under ground was worth twelve and a half cents per foot at the shop, and that this was the regular market price.

The evidence for defendant was as follows: It appeared that one Hutchinson and one Clement, living in defendant's neighborhood, had tubing from the plaintiff about the same time that the tubing here in question was furnished. Hutchinson, as a witness for defendant, was asked what the tubing delivered to him was worth; but the question was ruled out. Plaintiff, as a witness for defendant, testified: "It is worth two and a half cents per foot to deliver and lay down tubing, and more than that in this case, unless I had other business. It was worth one dollar to put down the tubing I laid for defendant, after it was all ready. I furnished Hutchinson tubing of the same kind last fall; charged him 12 1-2 cents per foot; had other business in that neighborhood at the time I furnished this tubing; don't know of laying down tubing in that neighborhood except for Hutchinson, and perhaps for Clement." On cross-examination he said: "I did not lay down the tubing furnished Hutchinson; I delivered it to him at my place." One Davis testified that he kept a hardware store at Fox Lake, and that the market price of sound tubing 4 1-2 inches square was twelve cents per foot. Clement, above mentioned, was asked what plaintiff charged him per rod; but the question was ruled out. The defendant himself testified that he left word at Clement's to have plaintiff put him down 110 feet of tubing; and that he himself filled the ditch dug to receive such tubing.

Verdict in the plaintiff's favor for $3.50; and judgment in his favor for that sum, besides costs. The defendant appealed from this judgment to the circuit court, where said judgment was reversed, with costs; and the plaintiff brought the cause to this court by writ of error.

*E. Hooker*, with *Gillet & Taylor*, of counsel, for plaintiff in error.

*E. P. Smith*, for defendant in error. [No brief.]

Dixon, C. J. The market price, or accustomed charge for the article sold, where it has an established and uniform value

in the market, like the tubing in controversy in this case, together with the usual charge for putting it down, which was also proved, constitutes the true measure of damages in actions of this nature. The cost of the material out of which the article is made, as of the timber from which the tubing was manufactured, with the expense of manufacture, or, in other words, the profits arising to the vendor from the manufacture and sale, are matters quite foreign to the issue, where the manufactured article itself has such fixed and uniform market price or value. The purchaser must be presumed to have been familiar with such usual price or value, and to have bought with reference to it, and therefore willing to pay it. At all events, it would be most unjust to the seller under such circumstances, there being no stipulation as to price, to require him to take less than he could have obtained elsewhere or from other purchasers. Tested by these rules, it is very evident that all the questions put by the defendant to the witnesses in the justice's court, and which were overruled by the justice, were improper, as tending to the introduction of irrelevant and inadmissible testimony, and therefore that they were properly overruled, and the proposed testimony correctly excluded. As these were all the alleged errors presented by the record, or complained of by the defendant, it follows that the judgment of the justice should have been affirmed, not reversed, by the circuit court.

*By the Court.*—The judgment of the circuit court is reversed, and that of the justice of the peace affirmed.